## A92A1243. STEPHENS v. TROTTER.
(422 SE2d 568)

COOPER, Judge.

Appellant filed a "Complaint for Specific Performance and for Damages" against appellee, seeking specific performance of an alleged agreement for the sale of real property or, in the alternative, damages for fraud and misrepresentation. Appellant subsequently amended her complaint to add a prayer for declaratory relief, requesting that the court declare the existence of a valid agreement to deed the subject property to appellant upon the occurrence of certain events. The trial court granted appellee's motion for summary judgment and this appeal followed.

We first determine whether we have jurisdiction to consider this appeal. "An action seeking specific performance seeks equitable relief ([cits.]), and an appeal from a judgment rendered pursuant to a request for equitable relief is within the jurisdiction of the Supreme Court. 1983 Ga. Const., Art. VI, Sec. VI, Par. III (2). [Cit.]" *Lemke v. Southern Farm &c. Ins. Co.*, 182 Ga. App. 700 (356 SE2d 739) (1987). Although appellant has included in her complaint an alternative prayer for damages, " '(d)amages in lieu of specific performance cannot be recovered unless [appellant] can prove [her] right to the latter remedy. [Cit.]' [Cits.]" *Lemke*, supra. Accordingly, this appeal from a judgment rendered pursuant to a request for equitable relief is transferred to the Supreme Court. See *Piedmont Properties v. Sims*, 195 Ga. App. 353 (393 SE2d 496) (1990).

*Case transferred to Supreme Court. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 16, 1992.

*Mitchum & Mitchum, Robert W. Mitchum*, for appellant.
*Gary V. Bowman*, for appellee.